U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2019 AUG 12 AM 11: 47

CLERK

BY ⎯⎯ LAW ⎯⎯
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ANTONIO D. CRAWFORD, )
)
Petitioner, )
)
v. ) Case No. 2:19-cv-129
)
UNITED STATES DISTRICT COURT )
FOR THE CENTRAL (PEORIA) )
DISTRICT, )
)
Respondent.

**OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA
PAUPERIS* AND DISMISSING PETITION FOR WRIT OF MANDAMUS**
(Docs. 1, 1-1)

On July 16, 2019, petitioner Antonio D. Crawford, an Illinois state prisoner, representing himself, filed an application to proceed without prepayment of fees supplement by a financial affidavit, seeking to file a petition for a writ of mandamus under 28 U.S.C. § 1361 against the United States District Court for the Central District of Illinois. Because his financial affidavit satisfies the requirements of 28 U.S.C. § 1915(a), Petitioner's request to proceed *in forma pauperis* (Doc. 1) is GRANTED. However, for the following reasons, this case is DISMISSED. (Doc. 1-1.)

Under the *in forma pauperis* statute, the court conducts an initial screening of an action. *See* 28 U.S.C. § 1915(e)(2). Filings by self-represented parties are "to be liberally construed, and . . . held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); *see also Harris v. Miller*, 818 F.3d 49, 56 (2d Cir. 2016) (per curiam). A district court may, however, dismiss a case seeking *in forma pauperis* status if it determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In 2012, the United States District Court for the Northern District of Illinois sentenced Petitioner to 96 months' imprisonment for two counts of robbing a bank with force or violence (the "bank robbery case"). *See United States v. Crawford*, No. 11-cr-0500, Judgment (N.D. Ill. Aug. 1, 2012). In 2014, in the United States District Court for the Central District of Illinois, Petitioner pled guilty to a charge of mailing a threatening communication (the threatening communication case") and, in 2015, that court sentenced him to 70 months' imprisonment to be served consecutive to his bank robbery case sentence. *See United States v. Crawford*, No. 13-cr-10048, Judgment (C.D. Ill. July 2, 2015). His conviction in the threatening communication case was affirmed on direct appeal. *United States v. Crawford*, 665 F. App'x 539 (7th Cir. 2016).

Petitioner filed an unsuccessful petition for a writ of habeas corpus in the Northern District of Illinois in the bank robbery case. *See Crawford v. United States*, No. 14-cv-4098, Order (N.D. Ill. Feb 22, 2017) (dismissing petition). With regard to the threatening communication case, in January 2019, Petitioner filed a habeas corpus petition in this court which determined that it lacked jurisdiction and transferred the action to the Central District of Illinois. *See Crawford v. United States of America*, No. 5:19-cv-1, Order at *4 (D. Vt. Jan. 29, 2019) (noting petitioner has not yet begun to serve his 70-month sentence in the threatening communication case). Thereafter, in the Central District of Illinois, Petitioner moved to dismiss the petition and, in February, that court granted his motion dismissing the petition without prejudice. *See Crawford v. United States*, No. 1:19-cv-1033, Text Order (C.D. Ill. Feb. 20, 2019).

In March 2019, Petitioner filed a petition for a writ of habeas corpus in the threatening communication case in the District of Minnesota.[1] *See Crawford v. United*

---

[1] The Magistrate Judge noted "Crawford suggests that he has filed the present Petition in the U.S. District Court for the District of Minnesota because, given his nearby family, he should serve any eventual supervised-release period in this state." *Crawford v. United States*, 2019 WL 3020816, at *1 (D. Minn. June 13, 2019).

2

*States*, 2019 WL 3020816 (D. Minn. June 13, 2019). A Report and Recommendation construed the petition as one brought under 28 U.S.C. § 2255 because it "plainly challenge[d] the validity of Crawford's sentence[,]" *id.* at *2, and recommended denial of the petition and dismissal of the action because the petition was filed in the wrong district. The Report and Recommendation did not recommend transfer under 28 U.S.C. § 1631 because "it is likely Crawford would have been barred from raising this action in the Central District of Illinois due to this action's untimeliness." *Id.* Earlier this month, based upon the Report and Recommendation and after an independent review, the Minnesota District Court denied his § 2255 petition. *See Crawford v. United States*, 2019 WL 3017627 (D. Minn. July 10, 2019).

In April 2019, Petitioner filed a petition for a writ of habeas corpus in the Central District of California which determined that no basis for venue existed in that district and transferred the action to the Central District of Illinois.[2] *See Crawford v. United States*, No. 19-cv-3545, Order (C.D. Cal. May 2, 2019). Following transfer, Petitioner filed motions to transfer his petition to the District of Maine and to the Central District of California. Both motions have been denied and his habeas action brought under both 28 U.S.C. § 2241 and § 2255 is proceeding in the Central District of Illinois, with the last filing—Petitioner's "motion to postpone merit review"—docketed July 16, 2019. *See Crawford v. United States*, No. 19-cv-1152 (C.D. Ill. July 16, 2019).

On July 11, 2019, Petitioner filed by mailing the documents initiating the instant action in this court. Although Petitioner is currently confined at the Illinois Department of Corrections, Pontiac Correctional Center, he states that he is a citizen of Vermont.[3] He asserts that this court has authority under 28 U.S.C. § 1361 to compel the District Court

---

[2] The court noted "Petitioner states that he brought the action in this Court because he is a former resident of Woodland Hills, California . . . and because this district is where his mandatory supervised release will be served--at home . . . where family lives." *Crawford v. United States*, No. 19-cv-3545, Order at 2 (C.D. Cal. May 2, 2019) (internal quotation marks and alterations omitted).

[3] Petitioner asserts his family "stays [in] South [B]urlington" and that his "supervised release can properly[] be executed in this district, where [his] son is." (Doc. 1-1 at 4-5.)

3

for the Central District of Illinois to "perform its duty by recusing [itself] from hearing [his] criminal h[]abeas corpus writ and transfer writ" to this court. (Doc. 1-1 at 10.) In an affidavit filed in his habeas case in the Central District of Illinois, he asserted that "it has been believed that I threatened every U.S. District Judge . . . at this U.S. District Court in Central Illinois, I accuse them all of bias and . . . personal prejudice will occur[.]" In this case, because of this affidavit, he argues recusal is required under 28 U.S.C. § 144. *Id.* at 8.

"It is well-settled that the exceptional remedy of mandamus will only be invoked where the petitioner has demonstrated that its right to such relief is clear and indisputable." *In re Basciano*, 542 F.3d 950, 955-56 (2d Cir. 2008) (internal quotation marks and brackets omitted). Section 1361 provides: "The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency therefore to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . . It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Even assuming this court had the power to compel another federal district court to transfer a case, it would not do so here as Petitioner has no right to have his petition heard in this court. As this court, the District of Minnesota, the Central District of California, and the Central District of Illinois have explained, Petitioner's claims under § 2255 may be addressed only by the sentencing court,[4] i.e. the Central District of Illinois, and his

---

[4] *See* 28 U.S.C. § 2255(a) (providing that a prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence"); *see also United States v. Hayman*, 342 U.S. 205, 220-21 (1952) (explaining the purpose of § 2255 is to channel federal petitioners'

4

claims under § 2241, if any, may be addressed only by a court with jurisdiction over his present or future custodian.[5] Because he is currently incarcerated in Pontiac, Illinois, and the jurisdiction of his future custody is the district that entered judgment on the threatening communication conviction, the Central District of Illinois is the proper court to entertain his § 2241 claims.

Petitioner's attempt to force recusal through § 144 is similarly unavailing. Plaintiff failed to submit the required certificate stating that his affidavit is made in good faith. *See Lamborn v. Dittmer*, 726 F. Supp. 510, 515 (S.D.N.Y. 1989) (noting "§ 144 clearly requires a certificate of good faith"). Moreover, the Central District of Illinois court considered and rejected Petitioner's argument for recusal and did not, as Petitioner alleges, "ignore" his affidavit. *Compare* Doc. 1-1 at 3 *with Crawford v. United States*, No. 19-cv-1152, Order (C.D. Ill June 18, 2019) (concluding "recusal is not required, and the Court denies Crawford's request"). Recusal was not mandatory. *See In re Basciano*, 542 F.3d at 956 ("The district judge has discretion in the first instance to determine whether to disqualify himself.") (internal quotation marks omitted); *see also Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978) ("The mere filing of an affidavit of prejudice does not require a judge to recuse himself. On the contrary, we have held that a judge has an affirmative duty . . . not to disqualify himself unnecessarily[.]"). In any event, the Seventh Circuit has noted Petitioner's "obvious effort to manipulate a recusal," *Crawford*, 665 F. App'x at 543,[6] a finding this court has

---

collateral attacks on their convictions to the sentencing court).

[5] *See* 28 U.S.C. § 2241 (providing that district courts may grant writs "within their respective jurisdictions"); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 442, 447 (2004) (interpreting this language to require "nothing more than that the court issuing the writ have jurisdiction over the custodian" and noting the rule "serves the important purpose of preventing forum shopping by habeas petitioners") (internal quotation marks omitted).

[6] Petitioner asserts he did not proceed on appeal in the threatening communications case, however, on October 28, 2016, the Seventh Circuit issued an Order granting Petitioner's appellate counsel's motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967), affirming his conviction for violating 18 U.S.C. § 876(c), and dismissing Petitioner's *pro se* appeal. *See Crawford*, 665 F. App'x at 543-44.

no power to disturb. *See In re Basciano*, 542 F.3d at 956 (noting that to issue a writ of mandamus, petitioner "must clearly and indisputably demonstrate that the district court abused its discretion. Absent such a showing, mandamus will not lie.") (internal quotation marks omitted).

## CONCLUSION

For the reasons discussed above, Petitioner's application to proceed without prepayment of fees (Doc. 1) is GRANTED. However, Petitioner's petition for a writ of mandamus (Doc. 1-1) is DISMISSED under § 1915(e)(2)(B).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 12th day of August, 2019.

Christina Reiss, District Judge
United States District Court